UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

71 FIFTH GROUND LESSOR LLC  and CITIZENS
INSURANCE COMPANY OF AMERICA,

                                            Plaintiffs,

          -against-

LIBERTY MUTUAL FIRE INSURANCE CO., ACE
PROPERTY AND CASUALTY INSURANCE
COMPANY, CHUBB INSURANCE COMPANY,  MC
71 FIFTH AVENUE  REALTY LLC, LUBERT-
ADLER MANAGEMENT COMPANY, L.P., SAMCO
PROPERTIES, LLC, CENTENNIAL ELEVATOR
INDUSTRIES INC., LSL CONSTRUCTION
SERVICES INC., CRAVEN CORPORATION,
CRAVEN MANAGEMENT CORPORATION,
MICHAEL MORALES, and JOSEPH GONZALEZ,

                                            Defendants.
-----------------------------------------------------------------x

Our File No. 18108DJHIW

Index No. 1:20-cv-10775

**DECLARATORY
JUDGMENT COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiffs, 71 FIFTH GROUND LESSOR LLC and CITIZENS INSURANCE

COMPANY OF AMERICA, allege as follows:

## JURISDICTION

1.    This Court has jurisdiction under 28 U.S.C. § 1332.

2.    Plaintiffs and Defendants reside in different states.

3.    The amount of damages claimed herein exceeds $75,000.

4.    Venue is proper in this District because the location of the occurrence is New

York County and several of the defendants reside in New York.

## THE PARTIES

5.    That at all times herein mentioned, including June 28, 2018, plaintiff 71 Fifth

Ground Lessor LLC (hereinafter, "71 Fifth Ground") was and still is a foreign limited

liability company that leased certain real property within the State of New York.

6.     At all times hereinafter mentioned, plaintiff Citizens Insurance Company of America (hereinafter "Citizens Insurance"), was and still is an insurance company authorized to do business within the State of New York and maintaining an office in the Commonwealth of Massachusetts.

7.     That on or about June 28, 2018, and at all times herein mentioned, Defendant, Liberty Mutual Fire Insurance Co. (hereinafter "Liberty Mutual"), was and still is an insurance company authorized to do business within the State of New York and maintaining an office in the Commonwealth of Massachusetts.

8.     That on or about June 28, 2018, and at all times herein mentioned, Defendant, Ace Property and Casualty Insurance Company (hereinafter "Ace"), was and still is an insurance company authorized to do business within the State of New York and maintaining an office in the Commonwealth of Pennsylvania.

9.     That on or about June 28, 2018, and at all times herein mentioned, Defendant, Chubb Insurance Company (hereinafter "Chubb") was and still is an insurance company authorized to do business within the State of New York and maintaining an office in the State of New Jersey.

10.     That on or about June 28, 2018, and at all times herein mentioned, Defendant, MC 71 Fifth Avenue Realty LLC (hereinafter, "MC 71 Fifth"), was and still is foreign limited liability company that rented certain real property State of New York.

11.     That on or about June 28, 2018, and at all times herein mentioned, Defendant, MC 71 Fifth regularly, purposely and substantially transacted and did business in the State of New York.

12.     That on or about June 28, 2018, and at all times herein mentioned, Defendant MC 71 Fifth was subject to long-arm jurisdiction pursuant to New York CPLR Section 302.

2

13.    That on or about June 28, 2018, and at all times herein mentioned Defendant Lubert-Adler Management Company, L.P. (hereinafter "Lubert-Adler") was and still is a foreign limited partnership duly organized and existing under and by virtue of the laws of the State of Delaware and maintaining a principal office in the Commonwealth of Pennsylvania.

14.    That on or about June 28, 2018, and at all times herein mentioned, Defendant Lubert-Adler regularly, purposely and substantially transacted and did business in the State of New York.

15.    That on or about June 28, 2018, and at all times herein mentioned, Defendant Lubert-Adler was subject to long-arm jurisdiction pursuant to New York CPLR Section 302.

16.    That on or about June 28, 2018, and at all times herein mentioned, Defendant, Samco Properties, L.L.C., (hereinafter "Samco"), was and still is a domestic limited liability company organized and existing pursuant to the laws of the State of York and maintaining an office in the State of New York.

17.    That on or about June 28, 2018, and at all times herein mentioned, Defendant, Samco regularly, purposely and substantially transacted and did business in the State of New York.

18.    That on or about June 28, 2018, and at all times herein mentioned, Defendant, Centennial Elevator Industries Inc. (hereinafter "Centennial"), was and still is a domestic business corporation organized and existing pursuant to the laws of the State of York and maintaining an office in the State of New York.

19.    That on or about June 28, 2018, and at all times herein mentioned Defendant, Centennial regularly, purposely and substantially transacted and did business in the State of New York.

20.    That on or about June 28, 2018, and at all times herein mentioned, Defendant, LSL Construction Services Inc. (hereinafter, "LSL") was and still is a domestic business corporation organized and existing pursuant to the laws of the State of York and maintaining an office in the State of New York.

21.    That on or about June 28, 2018, and at all times herein mentioned, Defendant, LSL regularly, purposely and substantially transacted and did business in the State of New York.

22.    That on or about June 28, 2018, and at all times herein mentioned, Defendant, Craven Corporation (hereinafter "Craven"), was and still is a domestic business corporation organized and existing pursuant to the laws of the State of York and maintaining an office in the State of New York.

23.    That on or about June 28, 2018, and at all times herein mentioned, Defendant, Craven regularly, purposely and substantially transacted and did business in the State of New York.

24.    That on or about June 28, 2018, and at all times herein mentioned, Defendant, Craven Management Corporation (hereinafter, "Craven Management"), was and still is a foreign corporation duly organized and existing under and by virtue of the laws of the State of Delaware.

25.    That on June 28, 2018, and at all times herein mentioned Defendant, Craven Management regularly, purposely and substantially transacted and did business in the State of New York.

26.    That on or about June 28, 2018, and at all times herein mentioned, Defendant Craven Management was subject to long-arm jurisdiction pursuant to New York CPLR Section 302.

4

27.    That on or about June 28, 2018, and at all times herein mentioned, Defendant Michael Morales was a resident of Summit, New Jersey.

28.    That on June 28, 2018, and at all times herein mentioned, Defendant Joseph Gonzalez was a resident of Toms River, New Jersey.

29.    Upon information and belief, at all times hereinafter mentioned, defendants Centennial, LSL, Craven, Craven Management, Michael Morales and Joseph Gonzalez are parties to the Underlying Action commenced in the United States District Court, Southern State of New York and are therefore interested parties and, in turn, are named as defendants herein.

30.    At all times hereinafter mentioned, plaintiff 71 Fifth Ground was a beneficiary of an agreement with defendant MC 71 Fifth in which defendant MC 71 Fifth agreed to procure insurance naming the plaintiff 71 Fifth as an additional insured and/or in which defendant MC 71 Fifth otherwise agreed to purchase insurance naming the plaintiff 71 Fifth Ground as an additional insured.

## THE UNDERLYING ACTIONS

31.    Defendants Joseph Gonzalez and Michael Morales have alleged that they were injured in an elevator located at 71 Fifth Avenue, New York State of New York on June 28, 2018.

32.    Joseph Gonzalez instituted suit against 71 Fifth Ground in the United States District Court, Southern District of New York under Docket Number 1:18-cv-08122 by the filing of an Amended Complaint on or about February 11, 2019 (hereinafter the "Gonzalez Underlying Action"), a copy of which is annexed.

33.    Michael Morales instituted suit against 71 Fifth Ground Lessor LLC in the Unites States District Court, Southern District of New York under Docket Number1:18-cv-

08040 by the filing of an Amended Complaint on or about March 25, 2019 (hereinafter the "Morales Underlying Action"), a copy of which is annexed.

34.     Upon information and belief, attorneys' fees in the defense of 71 Fifth Ground in the Gonzalez Underlying Action and the Morales Underlying Action have exceeded $75,000.

## THE LEASE

35.     Pursuant to a Lease between 71 Fifth Ground, landlord, and MC 71 Fifth, tenant, executed on or about February 3, 2017, MC 71 Fifth agreed to purchase insurance in which the plaintiff 71 Fifth Ground was to be named as and insured and/or additional insured on a primary and non-contributory basis and MC 71 Fifth also agreed to defend and indemnify 71 Fifth Ground including, but not limited to, with respect to claims made by Joseph Gonzalez and Michael Morales in the Gonzalez and Morales Underlying Actions.

36.     The lease was in full force and effect on the date of the incident that is the subject of the Gonzalez and Morales Underlying Actions.

## THE LIBERTY MUTUAL POLICY

37.     Upon information and belief, prior to June 28, 2018, Liberty Mutual issued a commercial general liability insurance policy to Lubert-Adler and MC 71 Fifth bearing policy number TB2-Z51-290848-027 for the policy period of June 30, 2017 through June 30, 2018 (hereinafter the "Liberty Mutual Policy").

38.     Upon information and belief, 71 Fifth Ground was named as an insured and/or additional insured on the Liberty Mutual Policy.

39.     Upon information and belief, Liberty Mutual has accepted Citizens Insurance's tender on behalf of its insured 71 Fifth Ground on a primary and non-

contributory basis and is providing for the defense and indemnity of 71 Fifth Ground in the Gonzalez and Morales Underlying Actions.

## THE CHUBB/ACE INSURANCE POLICY

40.     Upon information and belief, prior to June 28, 2018, Ace issued a commercial umbrella liability insurance policy to Lubert-Adler and MC 71 Fifth under policy number G27848576 for the policy period of June 30, 2017 through June 30, 2018 (hereinafter, the "Ace Policy").

41.     Upon information and belief, the plaintiff 71 Fifth Ground was named as an insured and/or additional insured on the Ace Policy and/or Ace was otherwise obligated to defend and indemnify the plaintiff 71 Fifth Ground pursuant to the terms and conditions of the Ace policy.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST CHUBB/ACE

42.     Plaintiff repeats and reiterates the allegations contained in paragraphs "1" through "41" as though more fully set forth herein.

43.     Prior to June 28, 2018, Ace issued a commercial umbrella liability policy of insurance to Lubert-Adler and/or MC 71 Fifth which was in full force and effect at the time of the incident alleged in the complaints in the Gonzalez and Morales Underlying Actions.

44.     Said insurance provided coverage for numerous types of liability including, but not limited to, the damages alleged in the complaints in the Gonzalez and Morales Underlying Actions.

45.     The Ace Policy issued to Lubert-Adler and/or MC 71 Fifth for the benefit of the plaintiff 71 Fifth Ground is applicable to each and every aspect of the Gonzalez and Morales Underlying Actions, including, but not limited to, the defense and indemnification

of the plaintiff 71 Fifth Ground, including, but not limited to, claims made against it by Joseph Gonzalez and Michael Morales as well as any cross-claims.

46.     The coverage which Chubb/ACE is obligated to provide to the plaintiff 71 Fifth Ground applies to each and every aspect of the Gonzalez and Morales Underlying Actions, including, but not limited to, the claims made against the plaintiff 71 Fifth Ground by Joseph Gonzalez and Michael Morales, as well as any cross-claims.

47.     The plaintiff 71 Fifth Ground has duly demanded that Chubb/Ace assume its responsibilities and obligations to the plaintiff 71 Fifth Ground but Chubb/Ace has failed to provide for 71 Fifth Ground's defense and indemnification in the Underlying Action for claims made against 71 Fifth Ground by Joseph Gonzalez and Michael Morales, as well as any cross-claims.

48.     Subsequent to the commencement of the within Action, the plaintiff 71 Fifth Ground was compelled to retain counsel on its behalf in the Gonzalez and Morales Underlying Actions.

49.     Citizens, in accordance with the terms and conditions of its policy of insurance issued to 71 Fifth Ground, provided 71 Fifth Ground with defense and indemnification with respect to the Gonzalez and Morales Underlying Actions until such time that Liberty Mutual agreed to provide defense and indemnity to 71 Fifth Ground on a primary and noncontributory basis.

50.     The excess coverage which Chubb/Ace is obligated to provide to 71 Fifth Ground applies to each and every aspect of the Gonzalez and Morales Underlying Actions, including, but not limited to, claims made against 71 Fifth Ground by Joseph Gonzalez, Michael Morales and any cross-claims.

51.    The plaintiffs have made a timely demand to Chubb/Ace to assume its obligations as insurer to defend and indemnify 71 Fifth Ground in the Gonzalez and Morales Underlying Actions, as an excess umbrella insurer pursuant to the subject policy provisions and terms in the Ace Policy.

52.    The plaintiffs have suffered and will continue to suffer damages, harm and prejudice by virtue of the failure of Chubb/Ace to fulfill its obligations pursuant to the above.

53.    Chubb/Ace is liable to the plaintiffs for any and all damages incurred by virtue of its breach of its insurance obligations and judgment should be entered accordingly.

54.    The plaintiffs are entitled to a declaration that Chubb/Ace is required to afford excess umbrella coverage to 71 Fifth Ground on a noncontributory basis following the exhaustion of the Liberty Mutual Policy pertaining to the Gonzalez and Morales Underlying Actions, in all respects.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST CHUBB/ACE

55.    Plaintiffs repeat, reiterate and re-allege the allegations contained in paragraphs "1" through "54" as though more fully set forth herein.

56.    By virtue of its failure to defend the plaintiff 71 Fifth Ground in the Gonzalez and Morales Underlying Actions, Chubb/Ace has breached its insurance obligations to the plaintiff.

57.    Chubb/Ace is liable to the plaintiffs for any and all damages incurred as a result of its breach of said insurance agreement, including, but not limited to, attorney's fees, costs, disbursements and other expenses incurred by them in the defense of 71 Fifth Ground

in the Gonzalez and Morales Underlying Actions, over and above the coverage being afforded to 71 Fifth Ground by the Liberty Mutual.

## AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST CHUBB/ACE

58.    Plaintiffs repeat, reiterate and re-allege the allegations contained in paragraphs "1" through "56" as though more fully set forth herein.

59.    Citizens Insurance, to date, has paid attorney's fees, costs, disbursements and other expenses incurred by in the defense of 71 Fifth Ground, including, but not limited to, claims made by Joseph Gonzalez, Michael Morales as well as any cross-claims.

60.    All expenses paid by Citizens Insurance for the defense of the 71 Fifth Ground has been unnecessarily expended in good faith due to Chubb/Ace's failure to comply with its obligations to 71 Fifth Ground herein in the Gonzalez and Morales Underlying Actions.

61.    Payment of these expenses by Citizens Insurance for the defense of 71 Fifth Ground has directly benefited Chubb/Ace because it has wrongfully failed and refused to provide a defense to it pursuant to the terms and conditions of the Ace Policy.

62.    Chubb/Ace has wrongfully accepted and unjustly retained the benefit of Citizens Insurance's defense of the plaintiff 71 Fifth Ground to the detriment of Citizens Insurance

63.    Citizens Insurance is entitled to a reasonable and legitimate expectation that Chubb/Ace will reimburse Citizens for all attorney's fees, costs, disbursements and other expenses expended in defense of 71 Fifth Ground with respect to the Gonzalez and Morales Underlying Actions herein, which are the obligation of Chubb/Ace to satisfy.

64.    It has been duly demanded that Chubb/Ace reimburse Citizens Insurance for reasonable attorney's fees, costs, disbursements and other expenses but Chubb/Ace has failed and refused to reimburse Citizens Insurance, in violation of the principles of the Insurance Law, restitution, and unjust enrichment.

65.    Citizens Insurance has suffered and will continue to suffer damages, harm and prejudice by virtue of the failure of Chubb/Ace to reimburse it for all or a portion of the attorney's fees, costs, disbursements and other expenses incurred in defending the Gonzalez and Morales Underlying Actions.

66.    Chubb/Ace is liable to reimburse Citizens Insurance for all attorney's fees, costs, disbursements and expenses incurred by Citizens in the defense of the plaintiff in the Gonzalez and Morales Underlying Actions including, but not limited to, with respect to claims made by the plaintiffs in the underlying actions, along with any and all cross-claims and judgment should be entered accordingly.

WHEREFORE, the plaintiffs pray that these questions be tried promptly and that the Declaratory Judgment action herein is proper since suits have been instituted by Joseph Gonzalez and Michael Morales and Chubb/Ace is obligated to afford coverage pursuant to its obligations set forth above, which have all been to the detriment of the plaintiffs, and that the following declarations be made:

(1)    At the time of the claims that are the subject of the Gonzalez and Morales Underlying Actions, Chubb/Ace insured 71 Fifth Ground as excess umbrella insurer;

(2)    Chubb/Ace owes plaintiff, 71 Fifth Ground, an obligation to provide excess umbrella insurance after the Liberty Mutual policy is exhausted as set forth herein and such excess umbrella insurance coverage completely and totally encompasses each and every aspect of the allegations set forth in the complaints in the Underlying Actions;

(3)    The Ace Policy affords excess umbrella coverage to the plaintiff 71 Fifth

Ground for the claims in the Gonzalez and Morales Underlying Actions and Chubb/Ace is therefore obligated to defend and indemnify the plaintiff 71 Fifth Ground in the Gonzalez and Morales Underlying Actions on an excess basis after the exhaustion of the Liberty Policy as set forth herein;

(4)    Chubb/Ace has breached its insurance agreement with regard to plaintiff 71 Fifth Ground in the Gonzalez and Morales Underlying Actions;

(5)    Chubb/Ace shall be obligated to reimburse the plaintiff Citizens Insurance for attorneys' fees, costs, disbursements and other expenses incurred in the defense of plaintiff 71 Fifth Ground herein in the Gonzalez and Morales Underlying Actions to the extent as set forth herein; and

(6)    The plaintiffs be granted such other, further and different relief on the declarations of rights and legal limitations of the parties to this action as this Court may deem just, proper and equitable.

Dated: White Plains, New York
      December 21, 2020

SIM R. SHAPIRO
BAXTER SMITH & SHAPIRO, P.C.
Attorneys for Plaintiffs
71 Fifth Ground Lessor LLC and Citizens
Insurance Company of America
200 Mamaroneck Avenue, Suite 601
White Plains, New York 10601
(914) 684-1055

TO:

Liberty Mutual Fire Insurance Co.
175 Berkeley Street
Boston, Massachusetts 02116

Ace Property & Casualty Company
436 Walnut Street
Philadelphia, Pennsylvania 19106

Chubb Insurance Company
202A Hall's Mill Road
Whitehouse Station, New Jersey 08889

MC 71 Fifth Avenue Realty LLC.
28 Liberty Street
New York, New York 10005

Lubert-Adler Management Company, L.P.
2400 Market Street, Suite 301
Philadelphia, Pennsylvania 19103-3033

Samco Properties, LLC
537 W 125th Street
New York, New York 10027

Centennial Elevator Industries, Inc.
24-35 47th Street
Astoria, New York 11103

LSL Construction Services Inc.
449 Cedar Lane
East Meadow, New York 11554

Craven Corporation
150 East 42nd Street
New York, New York 10017

Craven Management Corporation
150 East 42nd Street
New York, New York 10017

Michael Morales
20 Constantin Place
Summit, New Jersey 07901

Joseph Gonzalez
73 Theresa Court
Toms River, New Jersey 08751

## **VERIFICATION**

Sim R. Shapiro, attorney admitted to practice in the courts of the State of New York, affirm: that I am a member of the firm BAXTER SMITH & SHAPIRO, P.C., attorneys of record for the plaintiffs in the within action; that I have read the foregoing Complaint and know the contents thereof; that the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters I believe it to be true. I further say that the reason this verification is made by me and not by the plaintiffs is that the plaintiffs does not reside within the County of Westchester where I maintain my office.

The grounds of my belief as to all matters not stated upon my knowledge are as follows: the records of the plaintiffs made available to me.

I affirm that the foregoing statements are true, under penalties of perjury.

Dated: White Plains, New York
      December 21, 2020

                                        Sim R. Shapiro

FREDERICK C. ARANKI, ESQ.
BLOCK, O'TOOLE & MURPHY, LLP
One Penn Plaza, Suite 5315
New York, New York 10119
(212)736-5300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH GONZALEZ,

Plaintiff,

v.

71 FIFTH GROUND LESSOR LLC, MC 71
FIFTH AVENUE REALTY LLC, SAMCO
PROPERTIES, LLC., CENTENNIAL
ELEVATOR INDUSTRIES INC., LSL
CONSTRUCTION SERVICES INC., CRAVEN
CORPORATION and CRAVEN
MANAGEMENT CORPORATION,

Defendants.

**AMENDED COMPLAINT**

**Docket No.: 1:18-cv-08122-KPF**

**DEMAND FOR JURY TRIAL**

Plaintiff, **JOSEPH GONZALEZ,** alleges as follows:

## JURISDICTION

1.    This Court has jurisdiction under 28 U.S.C. § 1332.

2.    Plaintiff and Defendants reside in different states.

3.    The amount of damages claimed herein exceeds $75,000.

4.    Venue is proper in this District because the location of the occurrence is New York County and Defendants are located in New York County.

## THE PARTIES

5.    That at all times herein mentioned, including June 28, 2018, plaintiff, **JOSEPH GONZALEZ,** was a resident of Middlesex County, State of New Jersey.

6.      That on June 28, 2018, and at all times herein mentioned Defendant, **71 FIFTH GROUND LESSOR LLC,** was and still is a foreign limited liability corporation duly organized and existing under and by virtue of the laws of the State of New York.

7.      That on June 28, 2018, and at all times herein mentioned Defendant, **71 FIFTH GROUND LESSOR LLC,** was and still is, a foreign limited liability corporation authorized to do business in the State of New York, pursuant to the laws of the State of New York.

8.      That on June 28, 2018, and at all times herein mentioned Defendant, **71 FIFTH GROUND LESSOR LLC,** does business in the State of New York pursuant to New York CPLR Section 301.

9.      That on June 28, 2018, and at all times herein mentioned Defendant, **71 FIFTH GROUND LESSOR LLC.** maintains a principal place of business in the County, City and State of New York.

10.     That on June 28, 2018, and at all times herein mentioned Defendant, **71 FIFTH GROUND LESSOR LLC.** regularly, purposely and substantially transacts and does business in the State of New York.

11.     That on June 28, 2018, and at all times herein mentioned Defendant, **71 FIFTH GROUND LESSOR LLC,** is subject to long-arm jurisdiction pursuant to New York CPLR Section 302.

12.     That on June 28, 2018, and at all times herein mentioned Defendant, **MC 71 FIFTH AVENUE REALTY LLC,** was and still is a foreign limited liability

corporation duly organized and existing under and by virtue of the laws of the State of New York.

13. That on June 28, 2018, and at all times herein mentioned Defendant, **MC 71 FIFTH AVENUE REALTY LLC,** was and still is, a foreign limited liability corporation authorized to do business in the State of New York, pursuant to the laws of the State of New York.

14. That on June 28, 2018, and at all times herein mentioned Defendant, **MC 71 FIFTH AVENUE REALTY LLC,** does business in the State of New York pursuant to New York CPLR Section 301.

15. That on June 28, 2018, and at all times herein mentioned Defendant, **MC 71 FIFTH AVENUE REALTY LLC,** maintains a principal place of business in the County, City and State of New York.

16. That on June 28, 2018, and at all times herein mentioned Defendant, **MC 71 FIFTH AVENUE REALTY LLC,** regularly, purposely and substantially transacts and does business in the State of New York.

17. That on June 28, 2018, and at all times herein mentioned Defendant, **MC 71 FIFTH AVENUE REALTY LLC,** is subject to long-arm jurisdiction pursuant to New York CPLR Section 302.

18. That on June 28, 2018, and at all times herein mentioned Defendant, **SAMCO PROPERTIES, LLC.,** is subject to long-arm jurisdiction pursuant to New York CPLR Section 302.

19. That on June 28, 2018, and at all times herein mentioned Defendant, **SAMCO PROPERTIES, LLC.,** was and still is a domestic limited liability corporation

duly organized and existing under and by virtue of the laws of the State of New

York.

20.    That on June 28, 2018, and at all times herein mentioned Defendant, **SAMCO**

**PROPERTIES, LLC.,** was and still is, a domestic limited liability corporation

authorized to do business in the State of New York, pursuant to the laws of the

State of New York.

21.    That on June 28, 2018, and at all times herein mentioned Defendant, **SAMCO**

**PROPERTIES, LLC.,** does business in the State of New York pursuant to New

York CPLR Section 301.

22.    That on June 28, 2018, and at all times herein mentioned Defendant, **SAMCO**

**PROPERTIES, LLC.,** maintains a principal place of business in the County, City

and State of New York.

23.    That on June 28, 2018, and at all times herein mentioned Defendant, **SAMCO**

**PROPERTIES LLC.,** regularly, purposely and substantially transacts and does

business in the State of New York.

24.    That on June 28, 2018, and at all times herein mentioned Defendant, **SAMCO**

**PROPERTIES, LLC.,** is subject to long-arm jurisdiction pursuant to New York

CPLR Section 302.

25.    That on June 28, 2018, and at all times herein mentioned Defendant,

**CENTENNIAL ELEVATOR INDUSTRIES, INC.,** was and still is a domestic

business corporation duly organized and existing under and by virtue of the laws of

the State of New York.

4

26.    That on June 28, 2018, and at all times herein mentioned Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** was and still is, a domestic business corporation authorized to do business in the State of New York, pursuant to the laws of the State of New York.

27.    That on June 28, 2018, and at all times herein mentioned Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** does business in the State of New York pursuant to New York CPLR Section 301.

28.    That on June 28, 2018, and at all times herein mentioned Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** maintains a principal place of business in the County, City and State of New York.

29.    That on June 28, 2018, and at all times herein mentioned Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** regularly, purposely and substantially transacts and does business in the State of New York.

30.    That on June 28, 2018, and at all times herein mentioned Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** is subject to long-arm jurisdiction pursuant to New York CPLR Section 302.

31.    That on June 28, 2018, and at all times herein mentioned Defendant, **LSL CONSTRUCTION SERVICES, INC.,** was and still is, a domestic business corporation authorized to do business in the State of New York, pursuant to the laws of the State of New York.

32.    That on June 28, 2018, and at all times herein mentioned Defendant, **LSL CONSTRUCTION SERVICES, INC.,** does business in the State of New York pursuant to New York CPLR Section 301.

33.   That on June 28, 2018, and at all times herein mentioned Defendant, **LSL CONSTRUCTION SERVICES, INC.,** maintains a principal place of business in the County, City and State of New York.

34.   That on June 28, 2018, and at all times herein mentioned Defendant, **LSL CONSTRUCTION SERVICES, INC.,** regularly, purposely and substantially transacts and does business in the State of New York.

35.   That on June 28, 2018, and at all times herein mentioned Defendant, **LSL CONSTRUCTION SERVICES, INC.,** is subject to long-arm jurisdiction pursuant to New York CPLR Section 302.

36.   That on June 28, 2018, and at all times herein mentioned Defendant, **CRAVEN CORPORATION,** was and still is, a domestic business corporation authorized to do business in the State of New York, pursuant to the laws of the State of New York.

37.   That on June 28, 2018, and at all times herein mentioned Defendant, **CRAVEN CORPORATION,** does business in the State of New York pursuant to New York CPLR Section 301.

38.   That on June 28, 2018, and at all times herein mentioned Defendant, **CRAVEN CORPORATION,** maintains a principal place of business in the County, City and State of New York.

39.   That on June 28, 2018, and at all times herein mentioned Defendant, **CRAVEN CORPORATION,** regularly, purposely and substantially transacts and does business in the State of New York.

40. That on June 28, 2018, and at all times herein mentioned Defendant, **CRAVEN CORPORATION**, is subject to long-arm jurisdiction pursuant to New York CPLR Section 302.

41. That on June 28, 2018, and at all times herein mentioned Defendant, **CRAVEN MANAGEMENT CORPORATION**, was and still is, a foreign business corporation authorized to do business in the State of New York, pursuant to the laws of the State of New York.

42. That on June 28, 2018, and at all times herein mentioned Defendant, **CRAVEN MANAGEMENT CORPORATION**, does business in the State of New York pursuant to New York CPLR Section 301.

43. That on June 28, 2018, and at all times herein mentioned Defendant, **CRAVEN MANAGEMENT CORPORATION**, maintains a principal place of business in the County, City and State of New York.

44. That on June 28, 2018, and at all times herein mentioned Defendant, **CRAVEN MANAGEMENT CORPORATION**, regularly, purposely and substantially transacts and does business in the State of New York.

45. That on June 28, 2018, and at all times herein mentioned Defendant, **CRAVEN MANAGEMENT CORPORATION**, is subject to long-arm jurisdiction pursuant to New York CPLR Section 302.

## FACTS/ALLEGATIONS

46. On June 28, 2018, and at all times herein mentioned Defendant, **71 FIFTH GROUND LESSOR LLC**, was the owner of the premises and appurtenances and

7

fixtures thereto, located at 71 Fifth Avenue, County, City and State of New York, (hereinafter, the "PREMISES").

47.    On or about June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR LLC,** was the lessor of the aforesaid premises.

48.    On or about June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR LLC,** was the lessee of the aforesaid premises.

49.    On or about June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR LLC,** operated the aforementioned premises.

50.    On or about June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR LLC,** managed the aforementioned premises.

51.    On or about June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR LLC,** maintained the aforementioned premises.

52.    On or about June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR LLC,** controlled the aforementioned premises.

53.    On or about June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR LLC,** supervised the aforementioned premises.

54.    On or about June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR LLC,** repaired the aforementioned premises.

55.    On or about June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR LLC,** owned the freight elevators located within the building at the aforesaid premises.

56.    On or prior to June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR LLC,** installed the freight elevators located within the

building at the aforesaid premises.

57.  On or prior to June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR LLC,** operated the freight elevators located within the building at the aforesaid premises.

58.  On or prior to June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR LLC,** managed the freight elevators located within the building at the aforesaid premises.

59.  On or prior to June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR LLC,** maintained the freight elevators located within the building at the aforesaid premises.

60.  On or prior to June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR LLC,** controlled the freight elevators located within the building at the aforesaid premises.

61.  On or prior to June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR LLC,** inspected the freight elevators located within the building at the aforesaid premises.

62.  On or prior to June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR LLC,** repaired the freight elevators located within the building at the aforesaid premises.

63.  On or prior to June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR LLC,** performed maintenance and/or repairs to the freight elevators at the aforesaid premises.

64. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR LLC,** directed all maintenance and/or repairs performed on the freight elevators located within the building at the aforesaid premises.

65. On or prior to June 28, 2018, at all times herein mentioned, Defendant, and at all times herein mentioned, Defendants, **71 FIFTH GROUND LESSORS, LLC,** contracted, hired and/or retained Defendants, **MC 71 FIFTH AVENUE REALTY LLC, SAMCO PROPERTIES, LLC., CENTENNIAL ELEVATOR INDUSTRIES, INC., LSL CONSTRUCTION SERVICES, INC., CRAVEN CORPORATION** and/or **CRAVEN MANAGEMENT CORPORATION** to perform maintenance and/or repairs relative to the freight elevators located within the building at the aforesaid premises.

66. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR, LLC,** entered into an agreement and/or contract with Defendants, **MC 71 FIFTH AVENUE REALTY LLC, SAMCO PROPERTIES, LLC., CENTENNIAL ELEVATOR INDUSTRIES, INC., LSL CONSTRUCTION SERVICES, INC., CRAVEN CORPORATION** and/or **CRAVEN MANAGEMENT CORPORATION** by which the former was to perform maintenance and/or repairs relative to the freight elevators located within the building at the aforesaid premises.

67. On or prior to June 28, 2018, at all times herein mentioned, Defendants, **MC 71 FIFTH AVENUE REALTY LLC, SAMCO PROPERTIES, LLC., CENTENNIAL ELEVATOR INDUSTRIES, INC., LSL CONSTRUCTION SERVICES, INC., CRAVEN CORPORATION** and/or **CRAVEN**

MANAGEMENT CORPORATION were hired and/or retained pursuant to a written contract and/or agreement by Defendant, **71 FIFTH GROUND LESSOR LLC,** and said written contract and/or agreement was in full force and effect on June 28, 2018.

68.    On June 28, 2018, and at all times herein mentioned Defendant, **MC 71 FIFTH AVENUE REALTY LLC,** was the owner of the premises and appurtenances and fixtures thereto, located at 71 Fifth Avenue, County, City and State of New York, (hereinafter, the "PREMISES").

69.    On or about June 28, 2018, at all times herein mentioned, Defendant, **MC 71 FIFTH AVENUE REALTY LLC,** was the lessor of the aforesaid premises.

70.    On or about June 28, 2018, at all times herein mentioned, Defendant, **MC 71 FIFTH AVENUE REALTY LLC,** was the lessee of the aforesaid premises.

71.    On or about June 28, 2018, at all times herein mentioned, Defendant, **MC 71 FIFTH AVENUE REALTY LLC,** operated the aforementioned premises.

72.    On or about June 28, 2018, at all times herein mentioned, Defendant **MC 71 FIFTH AVENUE REALTY LLC,** managed the aforementioned premises.

73.    On or about June 28, 2018, at all times herein mentioned, Defendant, **MC 71 FIFTH AVENUE REALTY LLC,** maintained the aforementioned premises.

74.    On or about June 28, 2018, at all times herein mentioned, Defendant, **MC 71 FIFTH AVENUE REALTY LLC,** controlled the aforementioned premises.

75.    On or about June 28, 2018, at all times herein mentioned, Defendant, **MC 71 FIFTH AVENUE REALTY LLC,** supervised the aforementioned premises.

76.    On or about June 28, 2018, at all times herein mentioned, Defendant, **MC 71 FIFTH**

AVENUE REALTY LLC, repaired the aforementioned premises.

77. On or about June 28, 2018, at all times herein mentioned, Defendant, **MC 71 FIFTH AVENUE REALTY LLC**, owned the freight elevators located within the building at the aforesaid premises.

78. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **MC 71 FIFTH AVENUE REALTY LLC**, installed the freight elevators located within the building at the aforesaid premises.

79. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **MC 71 FIFTH AVENUE REALTY LLC**, operated the freight elevators located within the building at the aforesaid premises.

80. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **MC 71 FIFTH AVENUE REALTY LLC**, managed the freight elevators located within the building at the aforesaid premises.

81. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **MC 71 FIFTH AVENUE REALTY LLC**, maintained the freight elevators located within the building at the aforesaid premises.

82. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **MC 71 FIFTH AVENUE REALTY LLC**, controlled the freight elevators located within the building at the aforesaid premises.

83. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **MC 71 FIFTH AVENUE REALTY LLC**, inspected the freight elevators located within the building at the aforesaid premises.

84. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **MC 71**

FIFTH AVENUE REALTY LLC, repaired the freight elevators located within the building at the aforesaid premises.

85. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **MC 71 FIFTH AVENUE REALTY LLC**, performed maintenance and/or repairs to the freight elevators at the aforesaid premises.

86. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **MC 71 FIFTH AVENUE REALTY LLC**, directed all maintenance and/or repairs performed on the freight elevators located within the building at the aforesaid premises.

87. On or prior to June 28, 2018, at all times herein mentioned, Defendant, and at all times herein mentioned, Defendants, **MC 71 FIFTH AVENUE REALTY LLC.**, contracted, hired and/or retained Defendants, **71 FIFTH GROUND LESSOR LLC, SAMCO PROPERTIES, LLC., CENTENNIAL ELEVATOR INDUSTRIES, INC., LSL CONSTRUCTION SERVICES, INC., CRAVEN CORPORATION** and/or **CRAVEN MANAGEMENT CORPORATION** to perform maintenance and/or repairs relative to the freight elevators located within the building at the aforesaid premises.

88. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **MC 71 FIFTH AVENUE REALTY LLC**, entered into an agreement and/or contract with Defendants, **71 FIFTH GROUND LESSOR LLC, SAMCO PROPERTIES, LLC., CENTENNIAL ELEVATOR INDUSTRIES, INC., LSL CONSTRUCTION SERVICES, INC., CRAVEN CORPORATION** and/or **CRAVEN MANAGEMENT CORPORATION** by which the former was

to perform maintenance and/or repairs relative to the freight elevators located within the building at the aforesaid premises.

89.   On or prior to June 28, 2018, at all times herein mentioned, Defendants, **71 FIFTH GROUND LESSOR LLC, SAMCO PROPERTIES, LLC., CENTENNIAL ELEVATOR INDUSTRIES, INC., LSL CONSTRUCTION SERVICES, INC., CRAVEN CORPORATION** and/or **CRAVEN MANAGEMENT CORPORATION** were hired and/or retained pursuant to a written contract and/or agreement by Defendant, **MC 71 FIFTH AVENUE REALTY LLC**, and said written contract and/or agreement was in full force and effect on June 28, 2018.

90.   On June 28, 2018, and at all times herein mentioned Defendant, **SAMCO PROPERTIES, LLC.**, was the owner of the premises and appurtenances and fixtures thereto, located at 71 Fifth Avenue, County, City and State of New York, (hereinafter, the "PREMISES").

91.   On or about June 28, 2018, at all times herein mentioned, Defendant, **SAMCO PROPERTIES, LLC,** was the lessor of the aforesaid premises.

92.   On or about June 28, 2018, at all times herein mentioned, Defendant, **SAMCO PROPERTIES, LLC.**, was the lessee of the aforesaid premises.

93.   On or about June 28, 2018, at all times herein mentioned, Defendant, **SAMCO PROPERTIES, LLC.**, operated the aforementioned premises.

94.   On or about June 28, 2018, at all times herein mentioned, Defendant, **SAMCO PROPERTIES, LLC.**, managed the aforementioned premises.

95.   On or about June 28, 2018, at all times herein mentioned, Defendant, **SAMCO PROPERTIES, LLC.**, maintained the aforementioned premises.

96.  On or about June 28, 2018, at all times herein mentioned, Defendant, **SAMCO PROPERTIES, LLC.,** controlled the aforementioned premises.

97.  On or about June 28, 2018, at all times herein mentioned, Defendant, **SAMCO PROPERTIES, LLC.,** supervised the aforementioned premises.

98.  On or about June 28, 2018, at all times herein mentioned, Defendant, **SAMCO PROPERTIES, LLC.,** repaired the aforementioned premises.

99.  On or about June 28, 2018, at all times herein mentioned, Defendant, **SAMCO PROPERTIES, LLC.,** owned the freight elevators located within the building at the aforesaid premises.

100.  On or prior to June 28, 2018, at all times herein mentioned, Defendant, **SAMCO PROPERTIES, LLC.,** installed the freight elevators located within the building at the aforesaid premises.

101.  On or prior to June 28, 2018, at all times herein mentioned, Defendant, **SAMCO PROPERTIES, LLC.,** operated the freight elevators located within the building at the aforesaid premises.

102.  On or prior to June 28, 2018, at all times herein mentioned, Defendant, **SAMCO PROPERTIES, LLC.,** managed the freight elevators located within the building at the aforesaid premises.

103.  On or prior to June 28, 2018, at all times herein mentioned, Defendant, **SAMCO PROPERTIES, LLC.,** maintained the freight elevators located within the building at the aforesaid premises.

104.  On or prior to June 28, 2018, at all times herein mentioned, Defendant, **SAMCO PROPERTIES, LLC,** controlled the freight elevators located within the building

at the aforesaid premises.

105. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **SAMCO PROPERTIES, LLC.,** inspected the freight elevators located within the building at the aforesaid premises.

106. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **SAMCO PROPERTIES, LLC.,** repaired the freight elevators located within the building at the aforesaid premises.

107. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **SAMCO PROPERTIES, LLC.,** performed maintenance and/or repairs to the freight elevators at the aforesaid premises.

108. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **SAMCO PROPERTIES, LLC.,** directed all maintenance and/or repairs performed on the freight elevators located within the building at the aforesaid premises.

109. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **SAMCO PROPERTIES, LLC.,** contracted, hired and/or retained Defendants, **71 FIFTH GROUND LESSOR, LLC., MC 71 FIFTH AVENUE REALTY LLC., CENTENNIAL ELEVATOR INDUSTRIES, INC., LSL CONSTRUCTION SERVICES, INC., CRAVEN CORPORATION** and/or **CRAVEN MANAGEMENT CORPORATION** to perform maintenance and/or repairs relative to the freight elevators located within the building at the aforesaid premises.

110. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **SAMCO**

PROPERTIES, LLC, entered into an agreement and/or contract with Defendants, 71 FIFTH GROUND LESSOR, LLC., MC 71 FIFTH AVENUE REALTY LLC., CENTENNIAL ELEVATOR INDUSTRIES, INC., LSL CONSTRUCTION SERVICES, INC., CRAVEN CORPORATION and/or CRAVEN MANAGEMENT CORPORATION by which the former was to perform maintenance and/or repairs relative to the freight elevators located within the building at the aforesaid premises.

111.    On or prior to June 28, 2018, at all times herein mentioned, Defendants, 71 FIFTH GROUND LESSOR, LLC, MC 71 FIFTH AVENUE REALTY LLC., CENTENNIAL ELEVATOR INDUSTRIES, INC., LSL CONSTRUCTION SERVICES, INC., CRAVEN CORPORATION and/or CRAVEN MANAGEMENT CORPORATION were hired and/or retained pursuant to a written contract and/or agreement by Defendant, SAMCO PROPERTIES, LLC., and said written contract and/or agreement was in full force and effect on June 28, 2018.

112.    On June 28, 2018, and at all times herein mentioned Defendant, CENTENNIAL ELEVATOR INDUSTRIES, INC., was the owner of the premises and appurtenances and fixtures thereto, located at 71 Fifth Avenue, County, City and State of New York, (hereinafter, the "PREMISES").

113.    On or about June 28, 2018, at all times herein mentioned, Defendant, CENTENNIAL ELEVATOR INDUSTRIES, INC., was the lessor of the aforesaid premises.

114.    On or about June 28, 2018, at all times herein mentioned, Defendant,

CENTENNIAL ELEVATOR INDUSTRIES, INC., was the lessee of the aforesaid premises.

115. On or about June 28, 2018, at all times herein mentioned, Defendant, CENTENNIAL ELEVATOR INDUSTRIES, INC., operated the aforementioned premises.

116. On or about June 28, 2018, at all times herein mentioned, Defendant, CENTENNIAL ELEVATOR INDUSTRIES, INC., managed the aforementioned premises.

117. On or about June 28, 2018, at all times herein mentioned, Defendant, CENTENNIAL ELEVATOR INDUSTRIES, INC., maintained the aforementioned premises.

118. On or about June 28, 2018, at all times herein mentioned, Defendant, CENTENNIAL ELEVATOR INDUSTRIES, INC., controlled the aforementioned premises.

119. On or about June 28, 2018, at all times herein mentioned, Defendant, CENTENNIAL ELEVATOR INDUSTRIES, INC., supervised the aforementioned premises.

120. On or about June 28, 2018, at all times herein mentioned, Defendant, CENTENNIAL ELEVATOR INDUSTRIES, INC., repaired the aforementioned premises.

121. On or about June 28, 2018, at all times herein mentioned, Defendant, CENTENNIAL ELEVATOR INDUSTRIES, INC., owned the freight elevators located within the building at the aforesaid premises.

122.   On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** installed the freight elevators located within the building at the aforesaid premises.

123. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** operated the freight elevators located within the building at the aforesaid premises.

124. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** managed the freight elevators located within the building at the aforesaid premises.

125. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** maintained the freight elevators located within the building at the aforesaid premises.

126. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** controlled the freight elevators located within the building at the aforesaid premises.

127. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** inspected the freight elevators located within the building at the aforesaid premises.

128. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** repaired the freight elevators located within the building at the aforesaid premises.

129. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** performed maintenance

and/or repairs to the freight elevators at the aforesaid premises.

130. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** directed all maintenance and/or repairs performed on the freight elevators located within the building at the aforesaid premises.

131. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** contracted, hired and/or retained Defendants, **71 FIFTH GROUND LESSOR, LLC., MC 71 FIFTH AVENUE REALTY LLC., SAMCO PROPERTIES, LLC., LSL CONSTRUCTION SERVICES, INC., CRAVEN CORPORATION** and/or **CRAVEN MANAGEMENT CORPORATION** to perform maintenance and/or repairs relative to the freight elevators located within the building at the aforesaid premises.

132. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** entered into an agreement and/or contract with Defendants, **71 FIFTH GROUND LESSOR, LLC., MC 71 FIFTH AVENUE REALTY LLC., SAMCO PROPERTIES, LLC., LSL CONSTRUCTION SERVICES, INC.,** by which the former was to perform maintenance and/or repairs relative to the freight elevators located within the building at the aforesaid premises.

133. On or prior to June 28, 2018, at all times herein mentioned, Defendants, **71 FIFTH GROUND LESSOR, LLC, MC 71 FIFTH AVENUE REALTY LLC.,**

SAMCO PROPERTIES, LLC., LSL CONSTRUCTION SERVICES, INC., CRAVEN CORPORATION and/or CRAVEN MANAGEMENT CORPORATION were hired and/or retained pursuant to a written contract and/or agreement by Defendant, CENTENNIAL ELEVATOR INDUSTRIES, INC., and said written contract and/or agreement was in full force and effect on June 28, 2018.

134. On June 28, 2018, and at all times herein mentioned Defendant, LSL CONSTRUCTION SERVICES, INC., was the owner of the premises and appurtenances and fixtures thereto, located at 71 Fifth Avenue, County, City and State of New York, (hereinafter, the "PREMISES").

135. On or about June 28, 2018, at all times herein mentioned, Defendant, LSL CONSTRUCTION SERVICES, INC., was the lessor of the aforesaid premises.

136. On or about June 28, 2018, at all times herein mentioned, Defendant, LSL CONSTRUCTION SERVICES, INC., was the lessee of the aforesaid premises.

137. On or about June 28, 2018, at all times herein mentioned, Defendant, LSL CONSTRUCTION SERVICES, INC., operated the aforementioned premises.

138. On or about June 28, 2018, at all times herein mentioned, Defendant, LSL CONSTRUCTION SERVICES, INC., managed the aforementioned premises.

139. On or about June 28, 2018, at all times herein mentioned, Defendant, LSL CONSTRUCTION SERVICES, INC., maintained the aforementioned premises.

140. On or about June 28, 2018, at all times herein mentioned, Defendant, LSL CONSTRUCTION SERVICES, INC., controlled the aforementioned premises.

141. On or about June 28, 2018, at all times herein mentioned, Defendant, LSL

CONSTRUCTION SERVICES, INC., supervised the aforementioned premises.

142. On or about June 28, 2018, at all times herein mentioned, Defendant, LSL CONSTRUCTION SERVICES, INC., repaired the aforementioned premises.

143. On or about June 28, 2018, at all times herein mentioned, Defendant, LSL CONSTRUCTION SERVICES, INC., owned the freight elevators located within the building at the aforesaid premises.

144. On or prior to June 28, 2018, at all times herein mentioned, Defendant, CENTENNIAL ELEVATOR INDUSTRIES, INC., installed the freight elevators located within the building at the aforesaid premises.

145. On or prior to June 28, 2018, at all times herein mentioned, Defendant, LSL CONSTRUCTION SERVICES, INC., operated the freight elevators located within the building at the aforesaid premises.

146. On or prior to June 28, 2018, at all times herein mentioned, Defendant, LSL CONSTRUCTION SERVICES, INC., managed the freight elevators located within the building at the aforesaid premises.

147. On or prior to June 28, 2018, at all times herein mentioned, Defendant, LSL CONSTRUCTION SERVICES, INC., maintained the freight elevators located within the building at the aforesaid premises.

148. On or prior to June 28, 2018, at all times herein mentioned, Defendant, LSL CONSTRUCTION SERVICES, INC., controlled the freight elevators located within the building at the aforesaid premises.

149. On or prior to June 28, 2018, at all times herein mentioned, Defendant, LSL CONSTRUCTION SERVICES, INC., inspected the freight elevators located

within the building at the aforesaid premises.

150. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **LSL CONSTRUCTION SERVICES, INC.,** repaired the freight elevators located within the building at the aforesaid premises.

151. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **LSL CONSTRUCTION SERVICES, INC.,** performed maintenance and/or repairs to the freight elevators at the aforesaid premises.

152. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **LSL CONSTRUCTION SERVICES, INC.,** directed all maintenance and/or repairs performed on the freight elevators located within the building at the aforesaid premises.

153. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **LSL CONSTRUCTION SERVICES, INC.,** was contracted, hired and/or retained by Defendants, **71 FIFTH GROUND LESSOR, LLC., MC 71 FIFTH AVENUE REALTY LLC., SAMCO PROPERTIES, LLC., CENTENNIAL ELEVATOR INDUSTRIES, INC., CRAVEN CORPORATION** and/or **CRAVEN MANAGEMENT CORPORATION** to perform construction work on the premises which includes erecting, installing, constructing, creating, causing, renovating, removing and/or repairing the premises, specifically in and around the subject elevator cars & shaft ways located within the building at the aforesaid premises.

154. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **LSL CONSTRUCTION SERVICES, INC.,** was contracted, hired and/or retained by

Defendants, **71 FIFTH GROUND LESSOR, LLC., MC 71 FIFTH AVENUE REALTY LLC., SAMCO PROPERTIES, LLC., CENTENNIAL ELEVATOR INDUSTRIES, INC., CRAVEN CORPORATION** and/or **CRAVEN MANAGEMENT CORPORATION** to perform maintenance and/or repairs relative to the freight elevators located within the building at the aforesaid premises.

155. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **LSL CONSTRUCTION SERVICES, INC.,** entered into an agreement and/or contract with Defendants, **71 FIFTH GROUND LESSOR, LLC., MC 71 FIFTH AVENUE REALTY LLC., SAMCO PROPERTIES, LLC., CENTENNIAL ELEVATOR INDUSTRIES, INC., CRAVEN CORPORATION** and/or **CRAVEN MANAGEMENT CORPORATION** by which the former was to perform maintenance and/or repairs relative to the freight elevators located within the building at the aforesaid premises.

156. On or prior to June 28, 2018, at all times herein mentioned, Defendants, **71 FIFTH GROUND LESSOR, LLC, MC 71 FIFTH AVENUE REALTY LLC., SAMCO PROPERTIES, LLC., CENTENNIAL ELEVATOR INDUSTRIES, INC., CRAVEN CORPORATION** and/or **CRAVEN MANAGEMENT CORPORATION** were hired and/or retained pursuant to a written contract and/or agreement by Defendant, **LSL CONSTRUCTION SERVICES, INC.,** and said written contract and/or agreement was in full force and effect on June 28, 2018.

157. On June 28, 2018, and at all times herein mentioned Defendant, **CRAVEN CORPORATION,** was the owner of the premises and appurtenances and fixtures

thereto, located at 71 Fifth Avenue, County, City and State of New York, (hereinafter, the "PREMISES").

158. On or about June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN CORPORATION,** was the lessor of the aforesaid premises.

159. On or about June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN CORPORATION,** was the lessee of the aforesaid premises.

160. On or about June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN CORPORATION,** operated the aforementioned premises.

161. On or about June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN CORPORATION,** managed the aforementioned premises.

162. On or about June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN CORPORATION,** maintained the aforementioned premises.

163. On or about June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN CORPORATION,** controlled the aforementioned premises.

164. On or about June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN CORPORATION,** supervised the aforementioned premises.

165. On or about June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN CORPORATION,** repaired the aforementioned premises.

166. On or about June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN CORPORATION,** owned the freight elevators located within the building at the aforesaid premises.

167. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN CORPORATION,** installed the freight elevators located within the building at the

aforesaid premises.

168. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN CORPORATION,** operated the freight elevators located within the building at the aforesaid premises.

169. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN CORPORATION,** managed the freight elevators located within the building at the aforesaid premises.

170. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN CORPORATION,** maintained the freight elevators located within the building at the aforesaid premises.

171. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN CORPORATION,** controlled the freight elevators located within the building at the aforesaid premises.

172. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN CORPORATION,** inspected the freight elevators located within the building at the aforesaid premises.

173. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN CORPORATION,** repaired the freight elevators located within the building at the aforesaid premises.

174. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN CORPORATION,** performed maintenance and/or repairs to the freight elevators at the aforesaid premises.

175. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN**

**CORPORATION,** directed all maintenance and/or repairs performed on the freight elevators located within the building at the aforesaid premises.

176.   On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN CORPORATION,** was contracted, hired and/or retained by Defendants, **71 FIFTH GROUND LESSOR, LLC., MC 71 FIFTH AVENUE REALTY LLC., SAMCO PROPERTIES, LLC., CENTENNIAL ELEVATOR INDUSTRIES, INC.,** and/or **LSL CONSTRUCTION SERVICES, INC.,** to perform construction work on the premises which includes erecting, installing, constructing, creating, causing, renovating, removing and/or repairing the premises, specifically in and around the subject elevator cars & shaft ways located within the building at the aforesaid premises.

177.   On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN CORPORATION,** was contracted, hired and/or retained by Defendant, **71 FIFTH GROUND LESSOR, LLC., MC 71 FIFTH AVENUE REALTY LLC., SAMCO PROPERTIES, LLC., CENTENNIAL ELEVATOR INDUSTRIES, INC.,** and/or **LSL CONSTRUCTION SERVICES, INC.,** to perform maintenance and/or repairs relative to the freight elevators located within the building at the aforesaid premises.

178.   On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN CORPORATION** entered into an agreement and/or contract with Defendants, **71 FIFTH GROUND LESSOR, LLC., MC 71 FIFTH AVENUE REALTY LLC., SAMCO PROPERTIES, LLC., CENTENNIAL ELEVATOR INDUSTRIES, INC.,** and/or **LSL CONSTRUCTION SERVICES, INC.,** by which the former

was to perform maintenance and/or repairs relative to the freight elevators located within the building at the aforesaid premises.

179.  On or prior to June 28, 2018, at all times herein mentioned, Defendants, **71 FIFTH GROUND LESSOR, LLC, MC 71 FIFTH AVENUE REALTY LLC., SAMCO PROPERTIES, LLC., CENTENNIAL ELEVATOR INDUSTRIES, INC.,** and/or **LSL CONSTRUCTION SERVICES, INC.,** were hired and/or retained pursuant to a written contract and/or agreement by Defendant, **CRAVEN CORPORATION** and said written contract and/or agreement was in full force and effect on June 28, 2018.

180.  On June 28, 2018, and at all times herein mentioned Defendant, **CRAVEN MANAGEMENT CORPORATION,** was the owner of the premises and appurtenances and fixtures thereto, located at 71 Fifth Avenue, County, City and State of New York, (hereinafter, the "PREMISES").

181.  On or about June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN MANAGEMENT CORPORATION,** was the lessor of the aforesaid premises.

182.  On or about June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN MANAGEMENT CORPORATION,** was the lessee of the aforesaid premises.

183.  On or about June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN MANAGEMENT CORPORATION,** operated the aforementioned premises.

184.  On or about June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN MANAGEMENT CORPORATION,** managed the aforementioned premises.

185.  On or about June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN MANAGEMENT CORPORATION,** maintained the aforementioned premises.

186. On or about June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN MANAGEMENT CORPORATION,** controlled the aforementioned premises.

187. On or about June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN MANAGEMENT CORPORATION,** supervised the aforementioned premises.

188. On or about June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN MANAGEMENT CORPORATION,** repaired the aforementioned premises.

189. On or about June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN CORPORATION,** owned the freight elevators located within the building at the aforesaid premises.

190. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN MANAGEMENT CORPORATION,** installed the freight elevators located within the building at the aforesaid premises.

191. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN MANAGEMENT CORPORATION,** operated the freight elevators located within the building at the aforesaid premises.

192. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN MANAGEMENT CORPORATION,** managed the freight elevators located within the building at the aforesaid premises.

193. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN MANAGEMENT CORPORATION,** maintained the freight elevators located within the building at the aforesaid premises.

194. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN MANAGEMENT CORPORATION,** controlled the freight elevators located within the building at the aforesaid premises.

195. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN MANAGEMENT CORPORATION,** inspected the freight elevators located within the building at the aforesaid premises.

196. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN MANAGEMENT CORPORATION,** repaired the freight elevators located within the building at the aforesaid premises.

197. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN MANAGEMENT CORPORATION,** performed maintenance and/or repairs to the freight elevators at the aforesaid premises.

198. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN MANAGEMENT CORPORATION,** directed all maintenance and/or repairs performed on the freight elevators located within the building at the aforesaid premises.

199. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN MANAGEMENT CORPORATION,** was contracted, hired and/or retained by Defendants, **71 FIFTH GROUND LESSOR, LLC., MC 71 FIFTH AVENUE REALTY LLC., SAMCO PROPERTIES, LLC., CENTENNIAL ELEVATOR INDUSTRIES, INC.,** and/or **LSL CONSTRUCTION SERVICES, INC.,** to perform construction work on the premises which includes erecting, installing, constructing, creating, causing, renovating, removing and/or

repairing the premises, specifically in and around the subject elevator cars & shaft ways located within the building at the aforesaid premises.

200.    On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN MANAGEMENT CORPORATION,** was contracted, hired and/or retained by Defendant, **71 FIFTH GROUND LESSOR, LLC., MC 71 FIFTH AVENUE REALTY LLC., SAMCO PROPERTIES, LLC., CENTENNIAL ELEVATOR INDUSTRIES, INC.,** and/or **LSL CONSTRUCTION SERVICES, INC.,** to perform maintenance and/or repairs relative to the freight elevators located within the building at the aforesaid premises.

201.    On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CRAVEN MANAGEMENT CORPORATION** entered into an agreement and/or contract with Defendants, **71 FIFTH GROUND LESSOR, LLC., MC 71 FIFTH AVENUE REALTY LLC., SAMCO PROPERTIES, LLC., CENTENNIAL ELEVATOR INDUSTRIES, INC.,** and/or **LSL CONSTRUCTION SERVICES, INC.,** by which the former was to perform maintenance and/or repairs relative to the freight elevators located within the building at the aforesaid premises.

202.    On or prior to June 28, 2018, at all times herein mentioned, Defendants, **71 FIFTH GROUND LESSOR, LLC, MC 71 FIFTH AVENUE REALTY LLC., SAMCO PROPERTIES, LLC., CENTENNIAL ELEVATOR INDUSTRIES, INC.,** and/or **LSL CONSTRUCTION SERVICES, INC.,** were hired and/or retained pursuant to a written contract and/or agreement by Defendant, **CRAVEN MANAGEMENT CORPORATION** and said written contract and/or agreement

was in full force and effect on June 28, 2018.

203. On or about June 28, 2018, Plaintiff, **JOSEPH GONZALEZ**, was lawfully present at the aforesaid premises.

204. On or about June 28, 2018, the Plaintiff, **JOSEPH GONZALEZ** while lawfully present at the aforementioned premises, in the course of his employment, while taking the freight elevator up to the 6th floor, was caused to sustain severe and permanent injuries when he was caused to fall onto the elevator floor when the elevator car dropped and violently stopped, due to the carelessness, recklessness and negligence of the Defendants, their agents, servants and/or employees or assigns.

205. On June 28, 2018 and prior to the above occurrence, the aforesaid elevator was in a broken and/or defective condition.

206. That Defendants were on actual notice of the aforesaid dangerous and/or defective condition involving the aforementioned elevator prior to the aforementioned occurrence involving Plaintiff.

207. That Defendants were on constructive notice of the aforesaid dangerous and/or defective condition involving the aforementioned elevator prior to the aforementioned occurrence involving Plaintiff.

208. That Defendants caused and/or created the aforementioned dangerous and/or defective condition involving the aforementioned elevator prior to the aforementioned occurrence involving Plaintiff.

209. That Defendants are liable for the aforesaid occurrence under the doctrine of res ipsa loquitor.

210. The above mentioned occurrence, and the results thereof, was caused by the joint, several and concurrent negligence of Defendants and/or said Defendants' agents, servants, employees and/or licensees in the ownership, operation, management, supervision, maintenance and control of the elevators specifically, the freight elevators in the aforesaid premises, without any fault, want of care or culpable conduct on the part of Plaintiff contributing thereto.

211. As a result of the aforementioned incident, Plaintiff, **JOSEPH GONZALEZ,** was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

212. Solely as a result of the foregoing, Plaintiff, **JOSEPH GONZALEZ,** has been caused to incur and will continue to incur hospital and medical expenses.

213. That by reason of the foregoing, Plaintiff has and will continue to suffer economic damages for past and future lost earnings and shortening of his work life.

214. Said incident and the damages and injuries sustained by the Plaintiff, **JOSEPH GONZALEZ,** was caused solely by the negligence of the Defendants, their employees, agents, servants and/or assigns and without any negligence on the part of the Plaintiff, **JOSEPH GONZALEZ,** contributing thereto.

## REQUEST FOR RELIEF

215. That this action falls within one or more of the exceptions set forth in New York CPLR §1602.

216. Plaintiff demands judgment against the Defendants herein, in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action, in an amount exceeding $75,000.00.

Dated: New York, New York
      February 6, 2019

Yours, etc.,

FREDERICK C. ARANKI, ESQ.
BLOCK O'TOOLE & MURPHY, LLP
*Attorneys for Plaintiff*
JOSEPH GONZALEZ
One Penn Plaza, Suite 5315
New York, New York 10119
(212) 736-5300
File No.: 4342

## ATTORNEY'S VERIFICATION

**FREDERICK C. ARANKI**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under penalties of perjury:

I am a Partner with the firm of **BLOCK, O'TOOLE & MURPHY, LLP**, attorneys of record for Plaintiff, **JOSEPH GONZALEZ**. I have read the annexed **AMENDED VERIFIED COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the county wherein I maintain my offices.

Dated: New York, New York
       February 6, 2019

                                            _____
                                            FREDERICK C. ARANKI, ESQ.

Case 1:18-cv-08040-LLS   Document 49   Filed 03/25/19   Page 1 of 1

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

```
                                )
                                )
                                )
                                )
MICHAEL MORALES                 )
         Plaintiff(s)           )        Civil Action No. 1:18-cv-08040
                                )
              v.                )
                                )
71 FIFTH GROUND LESSOR          )
LLC, MC 71 FIFTH AVENUE         )
REALTY LLC, SAMCO               )
PROPERTIES, LLC.,               )
CENTENNIAL ELEVATOR             )
INDUSTRIES INC., and LSL        )
CONSTRUCTION SERVICES,          )
INC.                            )
         Defendant(s)
```

## AMENDED SUMMONS IN A CIVIL ACTION

To:
SAMCO PROPERTIES LLC.
537 W. 125TH STREET
NEW YORK, NEW YORK, 10027

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

BLOCK O'TOOLE & MURPHY, LLP.
ONE PENN PLAZA, SUITE 5315
NEW YORK, NEW YORK 10119

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:   March 25, 2019          /S/ S. James
                                Signature of Clerk or Deputy Clerk

FREDERICK C. ARANKI, ESQ.
BLOCK, O'TOOLE & MURPHY, LLP
One Penn Plaza, Suite 5315
New York, New York 10119
(212)736-5300

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL MORALES, | **AMENDED COMPLAINT** |
| Plaintiff, | **Docket No.: 1:18-cv-08040** |
| v. | |
| 71 FIFTH GROUND LESSOR LLC, MC 71 FIFTH AVENUE REALTY LLC, SAMCO PROPERTIES, LLC., CENTENNIAL ELEVATOR INDUSTRIES INC., and LSL CONSTRUCTION SERVICES INC., | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff, **MICHAEL MORALES**, alleges as follows:

**JURISDICTION**

1.  This Court has jurisdiction under 28 U.S.C. § 1332.

2.  Plaintiff and Defendants reside in different states.

3.  The amount of damages claimed herein exceeds $75,000.

4.  Venue is proper in this District because the location of the occurrence is New York County and Defendants are located in New York County.

**THE PARTIES**

5.  That at all times herein mentioned, including June 28, 2018, plaintiff, **MICHAEL MORALES,** was a resident of Union County, State of New Jersey.

1

6.   That on June 28, 2018, and at all times herein mentioned Defendant, **71 FIFTH GROUND LESSOR LLC.,** was and still is a foreign limited liability corporation duly organized and existing under and by virtue of the laws of the State of New York.

7.   That on June 28, 2018, and at all times herein mentioned Defendant, **71 FIFTH GROUND LESSOR LLC.,** was and still is, a foreign limited liability corporation authorized to do business in the State of New York, pursuant to the laws of the State of New York.

8.   That on June 28, 2018, and at all times herein mentioned Defendant, **71 FIFTH GROUND LESSOR LLC.,** does business in the State of New York pursuant to New York CPLR Section 301.

9.   That on June 28, 2018, and at all times herein mentioned Defendant, **71 FIFTH GROUND LESSOR LLC.,** maintains a principal place of business in the County, City and State of New York.

10.   That on June 28, 2018, and at all times herein mentioned Defendant, **71 FIFTH GROUND LESSOR LLC.,** regularly, purposely and substantially transacts and does business in the State of New York.

11.   That on June 28, 2018, and at all times herein mentioned Defendant, **71 FIFTH GROUND LESSOR LLC.,** is subject to long-arm jurisdiction pursuant to New York CPLR Section 302.

12.   That on June 28, 2018, and at all times herein mentioned Defendant, **MC 71 FIFTH AVENUE REALTY LLC,** was and still is a foreign limited liability corporation duly organized and existing under and by virtue of the laws of the State of New York.

2

13.  That on June 28, 2018, and at all times herein mentioned Defendant, **MC 71 FIFTH AVENUE REALTY LLC,** was and still is, a foreign limited liability corporation authorized to do business in the State of New York, pursuant to the laws of the State of New York.

14.  That on June 28, 2018, and at all times herein mentioned Defendant, **MC 71 FIFTH AVENUE REALTY LLC,** does business in the State of New York pursuant to New York CPLR Section 301.

15.  That on June 28, 2018, and at all times herein mentioned Defendant, **MC 71 FIFTH AVENUE REALTY LLC,** maintains a principal place of business in the County, City and State of New York.

16.  That on June 28, 2018, and at all times herein mentioned Defendant, **MC 71 FIFTH AVENUE REALTY LLC,** regularly, purposely and substantially transacts and does business in the State of New York.

17.  That on June 28, 2018, and at all times herein mentioned Defendant, **MC 71 FIFTH AVENUE REALTY LLC,** is subject to long-arm jurisdiction pursuant to New York CPLR Section 302.

18.  That on June 28, 2018, and at all times herein mentioned Defendant, **SAMCO PROPERTIES, LLC.,** is subject to long-arm jurisdiction pursuant to New York CPLR Section 302.

19.  That on June 28, 2018, and at all times herein mentioned Defendant, **SAMCO PROPERTIES, LLC.,** was and still is a domestic limited liability corporation duly organized and existing under and by virtue of the laws of the State of New York.

20. That on June 28, 2018, and at all times herein mentioned Defendant, **SAMCO PROPERTIES, LLC.,** was and still is, a domestic limited liability corporation authorized to do business in the State of New York, pursuant to the laws of the State of New York.

21. That on June 28, 2018, and at all times herein mentioned Defendant, **SAMCO PROPERTIES, LLC.,** does business in the State of New York pursuant to New York CPLR Section 301.

22. That on June 28, 2018, and at all times herein mentioned Defendant, **SAMCO PROPERTIES, LLC.,** maintains a principal place of business in the County, City and State of New York.

23. That on June 28, 2018, and at all times herein mentioned Defendant, **SAMCO PROPERTIES LLC.,** regularly, purposely and substantially transacts and does business in the State of New York.

24. That on June 28, 2018, and at all times herein mentioned Defendant, **SAMCO PROPERTIES, LLC.,** is subject to long-arm jurisdiction pursuant to New York CPLR Section 302.

25. That on June 28, 2018, and at all times herein mentioned Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** was and still is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

26. That on June 28, 2018, and at all times herein mentioned Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** was and still is, a domestic business corporation authorized to do business in the State of New York, pursuant to the laws of the State of New York.

4

27. That on June 28, 2018, and at all times herein mentioned Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** does business in the State of New York pursuant to New York CPLR Section 301.

28. That on June 28, 2018, and at all times herein mentioned Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** maintains a principal place of business in the County, City and State of New York.

29. That on June 28, 2018, and at all times herein mentioned Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** regularly, purposely and substantially transacts and does business in the State of New York.

30. That on June 28, 2018, and at all times herein mentioned Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** is subject to long-arm jurisdiction pursuant to New York CPLR Section 302.

31. That on June 28, 2018, and at all times herein mentioned Defendant, **LSL CONTRUCTION SERVICES, INC.,** was and still is, a domestic business corporation authorized to do business in the State of New York, pursuant to the laws of the State of New York.

32. That on June 28, 2018, and at all times herein mentioned Defendant, **LSL CONTRUCTION SERVICES, INC.,** does business in the State of New York pursuant to New York CPLR Section 301.

33. That on June 28, 2018, and at all times herein mentioned Defendant, **LSL CONTRUCTION SERVICES, INC.,** maintains a principal place of business in the County, City and State of New York.

34.   That on June 28, 2018, and at all times herein mentioned Defendant, **LSL CONTRUCTION SERVICES, INC.,** regularly, purposely and substantially transacts and does business in the State of New York.

35.   That on June 28, 2018, and at all times herein mentioned Defendant, **LSL CONTRUCTION SERVICES, INC.,** is subject to long-arm jurisdiction pursuant to New York CPLR Section 302.

<u>**FACTS/ALLEGATIONS**</u>

36.   On June 28, 2018, and at all times herein mentioned Defendant, **71 FIFTH GROUND LESSOR LLC.,** was the owner of the premises and appurtenances and fixtures thereto, located at 71 Fifth Avenue, County, City and State of New York, (hereinafter, the "PREMISES").

37.   On or about June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR LLC.,** was the lessor of the aforesaid premises.

38.   On or about June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR LLC.,** was the lessee of the aforesaid premises.

39.   On or about June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR LLC.,** operated the aforementioned premises.

40.   On or about June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR LLC.,** managed the aforementioned premises.

41.   On or about June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR LLC.,** maintained the aforementioned premises.

42.    On or about June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR LLC.**, controlled the aforementioned premises.

43.    On or about June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR LLC.**, supervised the aforementioned premises.

44.    On or about June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR LLC.**, repaired the aforementioned premises.

45.    On or about June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR LLC.**, owned the freight elevators located within the building at the aforesaid premises.

46.    On or prior to June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR LLC**, installed the freight elevators located within the building at the aforesaid premises.

47.    On or prior to June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR LLC**, operated the freight elevators located within the building at the aforesaid premises.

48.    On or prior to June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR LLC**, managed the freight elevators located within the building at the aforesaid premises.

49.    On or prior to June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR LLC**, maintained the freight elevators located within the building at the aforesaid premises.

50.    On or prior to June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR LLC**, controlled the freight elevators located within the building

at the aforesaid premises.

51.    On or prior to June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR LLC**, inspected the freight elevators located within the building at the aforesaid premises.

52.    On or prior to June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR LLC**, repaired the freight elevators located within the building at the aforesaid premises.

53.    On or prior to June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR LLC**, performed maintenance and/or repairs to the freight elevators at the aforesaid premises.

54.    On or prior to June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR LLC**, directed all maintenance and/or repairs performed on the freight elevators located within the building at the aforesaid premises.

55.    On or prior to June 28, 2018, at all times herein mentioned, Defendant, and at all times herein mentioned, Defendants, **71 FIFTH GROUND LESSORS, LLC.**, contracted, hired and/or retained Defendants, **MC 71 FIFTH AVENUE REALTY LLC, SAMCO PROPERTIES, LLC., CENTENNIAL ELEVATOR INDUSTRIES, INC.**, and/or **LSL CONSTRUCTION SERVICES, INC.**, to perform maintenance and/or repairs relative to the freight elevators located within the building at the aforesaid premises.

56.    On or prior to June 28, 2018, at all times herein mentioned, Defendant, **71 FIFTH GROUND LESSOR, LLC**, entered into an agreement and/or contract with Defendants, **MC 71 FIFTH AVENUE REALTY LLC, SAMCO PROPERTIES,**

LLC., **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** and/or **LSL CONSTRUCTION SERVICES, INC.,** by which the former was to perform maintenance and/or repairs relative to the freight elevators located within the building at the aforesaid premises.

57.     On or prior to June 28, 2018, at all times herein mentioned, Defendants, **MC 71 FIFTH AVENUE REALTY LLC, SAMCO PROPERTIES, LLC., CENTENNIAL ELEVATOR INDUSTRIES, INC.,** and/or **LSL CONSTRUCTION SERVICES, INC.,** were hired and/or retained pursuant to a written contract and/or agreement by Defendant, **71 FIFTH GROUND LESSOR LLC,** and said written contract and/or agreement was in full force and effect on June 28, 2018.

58.     On June 28, 2018, and at all times herein mentioned Defendant, **MC 71 FIFTH AVENUE REALTY LLC,** was the owner of the premises and appurtenances and fixtures thereto, located at 71 Fifth Avenue, County, City and State of New York, (hereinafter, the "PREMISES").

59.     On or about June 28, 2018, at all times herein mentioned, Defendant, **MC 71 FIFTH AVENUE REALTY LLC,** was the lessor of the aforesaid premises.

60.     On or about June 28, 2018, at all times herein mentioned, Defendant, **MC 71 FIFTH AVENUE REALTY LLC,** was the lessee of the aforesaid premises.

61.     On or about June 28, 2018, at all times herein mentioned, Defendant, **MC 71 FIFTH AVENUE REALTY LLC,** operated the aforementioned premises.

62.     On or about June 28, 2018, at all times herein mentioned, Defendant **MC 71 FIFTH AVENUE REALTY LLC,** managed the aforementioned premises.

63.     On or about June 28, 2018, at all times herein mentioned, Defendant, **MC 71 FIFTH**

AVENUE REALTY LLC, maintained the aforementioned premises.

64. On or about June 28, 2018, at all times herein mentioned, Defendant, MC 71 FIFTH AVENUE REALTY LLC, controlled the aforementioned premises.

65. On or about June 28, 2018, at all times herein mentioned, Defendant, MC 71 FIFTH AVENUE REALTY LLC, supervised the aforementioned premises.

66. On or about June 28, 2018, at all times herein mentioned, Defendant, MC 71 FIFTH AVENUE REALTY LLC, repaired the aforementioned premises.

67. On or about June 28, 2018, at all times herein mentioned, Defendant, MC 71 FIFTH AVENUE REALTY LLC, owned the freight elevators located within the building at the aforesaid premises.

68. On or prior to June 28, 2018, at all times herein mentioned, Defendant, MC 71 FIFTH AVENUE REALTY LLC, installed the freight elevators located within the building at the aforesaid premises.

69. On or prior to June 28, 2018, at all times herein mentioned, Defendant, MC 71 FIFTH AVENUE REALTY LLC, operated the freight elevators located within the building at the aforesaid premises.

70. On or prior to June 28, 2018, at all times herein mentioned, Defendant, MC 71 FIFTH AVENUE REALTY LLC, managed the freight elevators located within the building at the aforesaid premises.

71. On or prior to June 28, 2018, at all times herein mentioned, Defendant, MC 71 FIFTH AVENUE REALTY LLC, maintained the freight elevators located within the building at the aforesaid premises.

72. On or prior to June 28, 2018, at all times herein mentioned, Defendant, MC 71 FIFTH

AVENUE REALTY LLC, controlled the freight elevators located within the building at the aforesaid premises.

73.  On or prior to June 28, 2018, at all times herein mentioned, Defendant, **MC 71 FIFTH AVENUE REALTY LLC**, inspected the freight elevators located within the building at the aforesaid premises.

74.  On or prior to June 28, 2018, at all times herein mentioned, Defendant, **MC 71 FIFTH AVENUE REALTY LLC**, repaired the freight elevators located within the building at the aforesaid premises.

75.  On or prior to June 28, 2018, at all times herein mentioned, Defendant, **MC 71 FIFTH AVENUE REALTY LLC**, performed maintenance and/or repairs to the freight elevators at the aforesaid premises.

76.  On or prior to June 28, 2018, at all times herein mentioned, Defendant, **MC 71 FIFTH AVENUE REALTY LLC**, directed all maintenance and/or repairs performed on the freight elevators located within the building at the aforesaid premises.

77.  On or prior to June 28, 2018, at all times herein mentioned, Defendant, and at all times herein mentioned, Defendants, **MC 71 FIFTH AVENUE REALTY LLC**, contracted, hired and/or retained Defendants, **71 FIFTH GROUND LESSOR LLC, SAMCO PROPERTIES, LLC., CENTENNIAL ELEVATOR INDUSTRIES, INC. and LSL CONSTRUCTION SERVICES, INC.**, to perform maintenance and/or repairs relative to the freight elevators located within the building at the aforesaid premises.

78.  On or prior to June 28, 2018, at all times herein mentioned, Defendant, **MC 71 FIFTH AVENUE REALTY LLC**, entered into an agreement and/or contract with Defendants, **71 FIFTH GROUND LESSOR LLC, SAMCO PROPERTIES, LLC.,**

11

CENTENNIAL ELEVATOR INDUSTRIES, INC. and LSL CONSTRUCTION SERVICES, INC., by which the former was to perform maintenance and/or repairs relative to the freight elevators located within the building at the aforesaid premises.

79.    On or prior to June 28, 2018, at all times herein mentioned, Defendants, 71 FIFTH GROUND LESSOR LLC, SAMCO PROPERTIES, LLC., CENTENNIAL ELEVATOR INDUSTRIES, INC. and LSL CONSTRUCTION SERVICES, INC., were hired and/or retained pursuant to a written contract and/or agreement by Defendant, MC 71 FIFTH AVENUE REALTY LLC, and said written contract and/or agreement was in full force and effect on June 28, 2018.

80.    On June 28, 2018, and at all times herein mentioned Defendant, SAMCO PROPERTIES, LLC., was the owner of the premises and appurtenances and fixtures thereto, located at 71 Fifth Avenue, County, City and State of New York, (hereinafter, the "PREMISES").

81.    On or about June 28, 2018, at all times herein mentioned, Defendant, SAMCO PROPERTIES, LLC, was the lessor of the aforesaid premises.

82.    On or about June 28, 2018, at all times herein mentioned, Defendant, SAMCO PROPERTIES, LLC., was the lessee of the aforesaid premises.

83.    On or about June 28, 2018, at all times herein mentioned, Defendant, SAMCO PROPERTIES, LLC., operated the aforementioned premises.

84.    On or about June 28, 2018, at all times herein mentioned, Defendant, SAMCO PROPERTIES, LLC., managed the aforementioned premises.

85.    On or about June 28, 2018, at all times herein mentioned, Defendant, SAMCO PROPERTIES, LLC., maintained the aforementioned premises.

12

86. On or about June 28, 2018, at all times herein mentioned, Defendant, **SAMCO PROPERTIES, LLC.,** controlled the aforementioned premises.

87. On or about June 28, 2018, at all times herein mentioned, Defendant, **SAMCO PROPERTIES, LLC.,** supervised the aforementioned premises.

88. On or about June 28, 2018, at all times herein mentioned, Defendant, **SAMCO PROPERTIES, LLC.,** repaired the aforementioned premises.

89. On or about June 28, 2018, at all times herein mentioned, Defendant, **SAMCO PROPERTIES, LLC.,** owned the freight elevators located within the building at the aforesaid premises.

90. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **SAMCO PROPERTIES, LLC.,** installed the freight elevators located within the building at the aforesaid premises.

91. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **SAMCO PROPERTIES, LLC.,** operated the freight elevators located within the building at the aforesaid premises.

92. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **SAMCO PROPERTIES, LLC.,** managed the freight elevators located within the building at the aforesaid premises.

93. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **SAMCO PROPERTIES, LLC.,** maintained the freight elevators located within the building at the aforesaid premises.

94. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **SAMCO PROPERTIES, LLC,** controlled the freight elevators located within the building at the

aforesaid premises.

95.    On or prior to June 28, 2018, at all times herein mentioned, Defendant, **SAMCO PROPERTIES, LLC.,** inspected the freight elevators located within the building at the aforesaid premises.

96.    On or prior to June 28, 2018, at all times herein mentioned, Defendant, **SAMCO PROPERTIES, LLC.,** repaired the freight elevators located within the building at the aforesaid premises.

97.    On or prior to June 28, 2018, at all times herein mentioned, Defendant, **SAMCO PROPERTIES, LLC.,** performed maintenance and/or repairs to the freight elevators at the aforesaid premises.

98.    On or prior to June 28, 2018, at all times herein mentioned, Defendant, **SAMCO PROPERTIES, LLC.,** directed all maintenance and/or repairs performed on the freight elevators located within the building at the aforesaid premises.

99.    On or prior to June 28, 2018, at all times herein mentioned, Defendant, **SAMCO PROPERTIES, LLC.,** contracted, hired and/or retained Defendants, **71 FIFTH GROUND LESSOR, LLC., MC 71 FIFTH AVENUE REALTY, LLC, CENTENNIAL ELEVATOR INDUSTRIES, INC.,** and/or **LSL CONSTRUCTION SERVICES, INC.,** to perform maintenance and/or repairs relative to the freight elevators located within the building at the aforesaid premises.

100.    On or prior to June 28, 2018, at all times herein mentioned, Defendant, **SAMCO PROPERTIES, LLC,** entered into an agreement and/or contract with Defendants, **71 FIFTH GROUND LESSOR, LLC., MC 71 FIFTH AVENUE REALTY LLC, CENTENNIAL ELEVATOR INDUSTRIES, INC.,** and/or **LSL CONSTRUCTION**

14

SERVICES, INC., by which the former was to perform maintenance and/or repairs relative to the freight elevators located within the building at the aforesaid premises.

101. On or prior to June 28, 2018, at all times herein mentioned, Defendants, **71 FIFTH GROUND LESSOR, LLC, MC 71 FIFTH AVENUE REALTY LLC, CENTENNIAL ELEVATOR INDUSTRIES, INC.,** and/or **LSL CONSTRUCTION SERVICES, INC.,** were hired and/or retained pursuant to a written contract and/or agreement by Defendant, **SAMCO PROPERTIES, LLC.,** and said written contract and/or agreement was in full force and effect on June 28, 2018.

102. On June 28, 2018, and at all times herein mentioned Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** was the owner of the premises and appurtenances and fixtures thereto, located at 71 Fifth Avenue, County, City and State of New York, (hereinafter, the "PREMISES").

103. On or about June 28, 2018, at all times herein mentioned, Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** was the lessor of the aforesaid premises.

104. On or about June 28, 2018, at all times herein mentioned, Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** was the lessee of the aforesaid premises.

105. On or about June 28, 2018, at all times herein mentioned, Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** operated the aforementioned premises.

106. On or about June 28, 2018, at all times herein mentioned, Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** managed the aforementioned premises.

107. On or about June 28, 2018, at all times herein mentioned, Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** maintained the aforementioned premises.

108. On or about June 28, 2018, at all times herein mentioned, Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** controlled the aforementioned premises.

109. On or about June 28, 2018, at all times herein mentioned, Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** supervised the aforementioned premises.

110. On or about June 28, 2018, at all times herein mentioned, Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** repaired the aforementioned premises.

111. On or about June 28, 2018, at all times herein mentioned, Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** owned the freight elevators located within the building at the aforesaid premises.

112. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** installed the freight elevators located within the building at the aforesaid premises.

113. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** operated the freight elevators located within the building at the aforesaid premises.

114. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** managed the freight elevators located within the building at the aforesaid premises.

115. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** maintained the freight elevators located within the building at the aforesaid premises.

116. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** controlled the freight elevators located within the

building at the aforesaid premises.

117. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** inspected the freight elevators located within the building at the aforesaid premises.

118. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** repaired the freight elevators located within the building at the aforesaid premises.

119. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** performed maintenance and/or repairs to the freight elevators at the aforesaid premises.

120. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** directed all maintenance and/or repairs performed on the freight elevators located within the building at the aforesaid premises.

121. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** contracted, hired and/or retained Defendants, **71 FIFTH GROUND LESSOR, LLC., MC 71 FIFTH AVENUE REALTY LLC, SAMCO PROPERTIES, LLC.,** and/or **LSL CONSTRUCTION SERVICES, INC.,** to perform maintenance and/or repairs relative to the freight elevators located within the building at the aforesaid premises.

122. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** entered into an agreement and/or contract with Defendants, **71 FIFTH GROUND LESSOR, LLC., MC 71 FIFTH AVENUE**

17

REALTY, LLC., SAMCO PROPERTIES, LLC., and/or LSL CONSTRUCTION SERVICES, INC., by which the former was to perform maintenance and/or repairs relative to the freight elevators located within the building at the aforesaid premises.

123. On or prior to June 28, 2018, at all times herein mentioned, Defendants, **71 FIFTH GROUND LESSOR, LLC, MC 71 FIFTH AVENUE REALTY, LLC., SAMCO PROPERTIES, LLC.,** and/or **LSL CONSTRUCTION SERVICES, INC.,** were hired and/or retained pursuant to a written contract and/or agreement by Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** and said written contract and/or agreement was in full force and effect on June 28, 2018.

124. On June 28, 2018, and at all times herein mentioned Defendant, **LSL CONSTRUCTION SERVICES, INC.,** was the owner of the premises and appurtenances and fixtures thereto, located at 71 Fifth Avenue, County, City and State of New York, (hereinafter, the "PREMISES").

125. On or about June 28, 2018, at all times herein mentioned, Defendant, **LSL CONSTRUCTION SERVICES, INC.,** was the lessor of the aforesaid premises.

126. On or about June 28, 2018, at all times herein mentioned, Defendant, **LSL CONSTRUCTION SERVICES, INC.,** was the lessee of the aforesaid premises.

127. On or about June 28, 2018, at all times herein mentioned, Defendant, **LSL CONSTRUCTION SERVICES, INC.,** operated the aforementioned premises.

128. On or about June 28, 2018, at all times herein mentioned, Defendant, **LSL CONSTRUCTION SERVICES, INC.,** managed the aforementioned premises.

129. On or about June 28, 2018, at all times herein mentioned, Defendant, **LSL CONSTRUCTION SERVICES, INC.,** maintained the aforementioned premises.

130.    On or about June 28, 2018, at all times herein mentioned, Defendant, **LSL CONSTRUCTION SERVICES, INC.,** controlled the aforementioned premises.

131.    On or about June 28, 2018, at all times herein mentioned, Defendant, **LSL CONSTRUCTION SERVICES, INC.,** supervised the aforementioned premises.

132.    On or about June 28, 2018, at all times herein mentioned, Defendant, **LSL CONSTRUCTION SERVICES, INC.,** repaired the aforementioned premises.

133.    On or about June 28, 2018, at all times herein mentioned, Defendant, **LSL CONSTRUCTION SERVICES, INC.,** owned the freight elevators located within the building at the aforesaid premises.

134.    On or prior to June 28, 2018, at all times herein mentioned, Defendant, **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** installed the freight elevators located within the building at the aforesaid premises.

135.    On or prior to June 28, 2018, at all times herein mentioned, Defendant, **LSL CONSTRUCTION SERVICES, INC.,** operated the freight elevators located within the building at the aforesaid premises.

136.    On or prior to June 28, 2018, at all times herein mentioned, Defendant, **LSL CONSTRUCTION SERVICES, INC.,** managed the freight elevators located within the building at the aforesaid premises.

137.    On or prior to June 28, 2018, at all times herein mentioned, Defendant, **LSL CONSTRUCTION SERVICES, INC.,** maintained the freight elevators located within the building at the aforesaid premises.

138.    On or prior to June 28, 2018, at all times herein mentioned, Defendant, **LSL**

**CONSTRUCTION SERVICES, INC.,** controlled the freight elevators located within the building at the aforesaid premises.

139. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **LSL CONSTRUCTION SERVICES, INC.,** inspected the freight elevators located within the building at the aforesaid premises.

140. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **LSL CONSTRUCTION SERVICES, INC.,** repaired the freight elevators located within the building at the aforesaid premises.

141. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **LSL CONSTRUCTION SERVICES, INC.,** performed maintenance and/or repairs to the freight elevators at the aforesaid premises.

142. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **LSL CONSTRUCTION SERVICES, INC.,** directed all maintenance and/or repairs performed on the freight elevators located within the building at the aforesaid premises.

143. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **LSL CONSTRUCTION SERVICES, INC.,** was contracted, hired and/or retained by Defendants, **71 FIFTH GROUND LESSOR, LLC., MC 71 FIFTH AVENUE REALTY, LLC., SAMCO PROPERTIES, LLC.,** and/or **CENTENNIAL ELEVATOR INDUSTRIES, INC.,** to perform construction work on the premises which includes erecting, installing, constructing, creating, causing, renovating, removing and/or repairing the premises, specifically in and around the subject elevator cars & shaft ways located within the building at the aforesaid premises.

144. On or prior to June 28, 2018, at all times herein mentioned, Defendant, **LSL**

CONSTRUCTION SERVICES, INC., was contracted, hired and/or retained by Defendants, 71 FIFTH GROUND LESSOR, LLC., MC 71 FIFTH AVENUE REALTY LLC., SAMCO PROPERTIES, LLC., and/or CENTENNIAL ELEVATOR INDUSTRIES, INC., to perform maintenance and/or repairs relative to the freight elevators located within the building at the aforesaid premises.

145.    On or prior to June 28, 2018, at all times herein mentioned, Defendant, LSL CONSTRUCTION SERVICES, INC., entered into an agreement and/or contract with Defendants, 71 FIFTH GROUND LESSOR, LLC., MC 71 FIFTH AVENUE REALTY, LLC., SAMCO PROPERTIES, LLC., and/or CENTENNIAL ELEVATOR INDUSTRIES, INC., by which the former was to perform maintenance and/or repairs relative to the freight elevators located within the building at the aforesaid premises.

146.    On or prior to June 28, 2018, at all times herein mentioned, Defendants, 71 FIFTH GROUND LESSOR, LLC, MC 71 FIFTH AVENUE REALTY LLC., SAMCO PROPERTIES, LLC., and/or CENTENNIAL ELEVATOR INDUSTRIES, INC., were hired and/or retained pursuant to a written contract and/or agreement by Defendant, LSL CONSTRUCTION SERVICES, INC., and said written contract and/or agreement was in full force and effect on June 28, 2018.

147.    On or about June 28, 2018, Plaintiff, MICHAEL MORALES was lawfully present at the aforesaid premises.

148.    On or about June 28, 2018, the Plaintiff MICHAEL MORALES while lawfully present at the aforementioned premises, in the course of his employment, while taking the freight elevator up to the 6th floor, was caused to sustain severe and permanent injuries

when he was caused to fall onto the elevator floor when the elevator car dropped and violently stopped, due to the carelessness, recklessness and negligence of the Defendants, their agents, servants and/or employees or assigns.

149. On June 28, 2018 and prior to the above occurrence, the aforesaid elevator was in a broken and/or defective condition.

150. That Defendants were on actual notice of the aforesaid dangerous and/or defective condition involving the aforementioned elevator prior to the aforementioned occurrence involving Plaintiff.

151. That Defendants were on constructive notice of the aforesaid dangerous and/or defective condition involving the aforementioned elevator prior to the aforementioned occurrence involving Plaintiff.

152. That Defendants caused and/or created the aforementioned dangerous and/or defective condition involving the aforementioned elevator prior to the aforementioned occurrence involving Plaintiff.

153. That Defendants are liable for the aforesaid occurrence under the doctrine of res ipsa loquitor.

154. The above mentioned occurrence, and the results thereof, was caused by the joint, several and concurrent negligence of Defendants and/or said Defendants' agents, servants, employees and/or licensees in the ownership, operation, management, supervision, maintenance and control of the elevators specifically, the freight elevators in the aforesaid premises, without any fault, want of care or culpable conduct on the part of Plaintiff contributing thereto.

155. As a result of the aforementioned incident, Plaintiff, **MICHAEL MORALES**, was

22

caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

156. Solely as a result of the foregoing, Plaintiff, **MICHAEL MORALES,** has been caused to incur and will continue to incur hospital and medical expenses.

157. That by reason of the foregoing, Plaintiff has and will continue to suffer economic damages for past and future lost earnings and shortening of his work life.

158. Said incident and the damages and injuries sustained by the Plaintiff, **MICHAEL MORALES,** was caused solely by the negligence of the Defendants, their employees, agents, servants and/or assigns and without any negligence on the part of the Plaintiff, **MICHAEL MORALES,** contributing thereto.

## REQUEST FOR RELIEF

159. That this action falls within one or more of the exceptions set forth in New York CPLR §1602.

160.    Plaintiff demands judgment against the Defendants herein, in an amount exceeding the

jurisdictional limits of all lower courts which would otherwise have jurisdiction,

together with the costs and disbursements of this action, in an amount exceeding

$75,000.00.

Dated: New York, New York
       March 14, 2019

Yours, etc.

FREDERICK C. ARANKI, ESQ.
BLOCK O'TOOLE & MURPHY, LLP
*Attorneys for Plaintiff*
MICHAEL MORALES
One Penn Plaza, Suite 5315
New York, New York 10119
(212) 736-5300
File No.: 4343

24

## ATTORNEY'S VERIFICATION

FREDERICK C. ARANKI, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under penalties of perjury:

I am a Partner with the firm of **BLOCK, O'TOOLE & MURPHY, LLP**, attorneys of record for Plaintiff, **MICHALEL MORALES**. I have read the annexed **AMENDED COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the county wherein I maintain my offices.

Dated: New York, New York
       March 14, 2019

FREDERICK C. ARANKI, ESQ.

## BLOCK, O'TOOLE & MURPHY, LLP

Certification By Attorney — certify that the within
has been compared by me with the original and found to be a true and complete copy.

Attorney's Affirmation — state that I am

the attorney(s) of record for
in the within action; I have read the foregoing
and know the contents thereof; the same is
true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as
to those matters I believe it to be true. The reason this verification is made by me and not by

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated:

The name signed must be printed beneath

STATE OF                          COUNTY OF                    ss.:

I,
being duly sworn, depose and say: I am
in the within action; I have read

Individual Verification — the
the foregoing
and know the contents thereof; the same is true to
my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those
matters I believe it to be true,

Corporate Verification — the                of
a
corporation and a party in the within action; I have read the foregoing
and know the contents thereof; and the same is true to my own knowledge,
except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe
it to be true. This verification is made by me because the above party is a corporation and I am an officer thereof.
The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on

The name signed must be printed beneath

STATE OF                          COUNTY OF                    ss.:   (If both boxes are checked—indicate after names, type of service used.)

I,
being sworn, say: I am not a party to the action, am over 18 years
of age and reside at

On                          I served the within

Service By Mail — by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care
and custody of the U.S. Postal Service within this State, addressed to each of the following persons at the last
known address set forth after each name:

Personal Service on Individual — by delivering a true copy thereof personally to each person named below at the address indicated. I knew each person
served to be the person mentioned and described in said papers as a party therein:

Sworn to before me on

The name signed must be printed beneath

Docket No.: 1:18-cv-08040

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------------------------------------------------X

MICHAEL MORALES

                              Plaintiff,

          -against-

71 FIFTH GROUND LESSOR, LLC, SAMCO, PROPERTIES, INC., SAMCO PROPERTIES,
LLC, CENTENNIAL ELEVATOR INDUSTRIES, INC. and LSL CONSTRUCTION
SERVICES, INC.,

                              Defendants.
----------------------------------------------------------------------------------------------------------------------X


## SUMMONS AND COMPLAINT


BLOCK, O'TOOLE & MURPHY, LLP

*Attorney(s) for*

ONE PENN PLAZA
SUITE 5315          Plaintiff
NEW YORK, NY 10119
(212) 736-5300

To                                    Service of a copy of the within is hereby admitted.

                                      Dated:...........................................................

Attorney(s) for

Index No.: 1:20-cv-10775

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

71 FIFTH GROUND LESSOR LLC. and CITIZENS INSURANCE COMPANY OF
AMERICA,

Plaintiffs,

-against-

LIBERTY MUTUAL FIRE INSURANCE CO., ACE PROPERTY AND CASUALTY
INSURANCE COMPANY, CHUBB INSURANCE COMPANY, MC 71 FIFTH AVENUE
REALTY LLC, LUBERT-ADLER MANAGEMENT COMPANY, L.P., SAMCO
PROPERTIES, LLC, CENTENNIAL ELEVATOR INDUSTRIES INC., LSL
CONSTRUCTION SERVICES INC., CRAVEN CORPORATION, CRAVEN
MANAGEMENT CORPORATION, MICHAEL MORALES, and JOSEPH GONZALEZ,

Defendants.

**DECLARATORY JUDGMENT COMPLAINT**

# BAXTER SMITH & SHAPIRO, P.C.

Attorneys at Law
Attorneys for Plaintiffs
200 MAMARONECK AVENUE, SUITE 601
WHITE PLAINS, NEW YORK  10601
(914) 684-1055
